R. M. NIMOCKS v. H. J. McINTYRE and wife.

*Acton to Foreclose Mortgage—Mortgage—Trial—Issues—Probate—Privy Examination of Married Woman.*

1. In the trial of an action such issues as are raised by the pleadings should be submitted to the jury; hence, where a reply to an answer set up an additional cause of action not inconsistent with that set up in the complaint, it was error to refuse to submit issues arising upon the facts stated in the reply.

2. While the probate of a deed by a married woman, with her privy examination, is not conclusive as a judicial proceeding yet such proceeding can be declared invalid, and the deed impeached, only by strong, clear and convincing evidence.

CIVIL ACTION, for the foreclosure of a mortgage, tried before *Starbuck, J.*, and a jury, at November Term, 1896, of CUMBERLAND Superior Court. The facts sufficiently appear in the opinion of the court. There was a verdict followed by judgment for the defendant and plaintiff appealed.

*Mr. H. McD. Robinson*, for plaintiff (appellant).

*Messrs. J. C. & S. H. MacRae* and *MacRae & Day*, for defendants.

MONTGOMERY, J.: This action was commenced for the foreclosure of a mortgage upon real estate, executed by the defendants to secure a debt mentioned in the mortgage. The debt was in the form of a promissory note executed by the husband, and the mortgage was upon the wife's land. The defendants, in their answer, admitted the execution of the mortgage, but averred that it was executed by the *feme* covert under duress of the original creditor, Worrell, who had assigned the note to the plaintiff, and the undue influence of her husband. An amended answer also set up the further defence that the probate of the Justice of the Peace, who took her private examination, was invalid, because her husband was present the whole time. The plaintiff, in his reply, denied the averments of the answer, and set up the further cause of action that the debt, in part at least, mentioned in the mortgage, was due and owing to the plaintiff by reason of a trust imposed upon the land and upon the *feme* defendant in the deed which conveyed the land to her. This additional cause of action set up in the reply was not inconsistent with that stated in the complaint, and, as the plaintiff did not demur to it, it must be permitted to stand.

On the trial the plaintiff asked that certain issues, arising upon the facts stated in the reply, be submitted to the

jury, and they were refused by the court. There was error in this refusal. The reply was a part of the pleadings, as we have seen, and such issues as were raised by the pleadings ought to be submitted. The plaintiff requested the court to charge the jury "that the taking the private examination of a married woman is a judicial act and ought to stand, unless the evidence offered to set aside the same is full and convincing." There was error in the refusal of the court to grant this instruction. The acknowledgment of the execution of a deed.by a married woman, with her privy examination, is not now conclusive as a judicial proceeding as it was formerly. Yet we are of the opinion that before such a proceeding can be.declared invalid and the deed impeached, the evidence ought to be clear, strong and convincing.

New Trial.